WATSON, Justice,
dissenting.
The majority errs in its interpretation of this will. Warren D. Farr predeceased his wife. The overriding concern expressed in his will is provision for that wife, Alice A. Farr. She was given the income of his entire estate and the right to bequeath one-half of the estate. The latter one-half of his property was put in the Alice A. Farr marital trust. As to the marital trust, the will states:
“My wife shall have the full and unrestricted right to bequeath her entire interest in favor of her estate or to whom ever she may see fit, and no person may divert any part of this to any other person than my wife.” (emphasis added)
Clearly, Mrs. Farr was not only given the income from the entire estate, but an unrestricted right to bequeath the property in the Alice A. Farr marital trust.
The other half of Farr’s property was put in the “Warren D. Farr Residuary Trust”. The two churches are named as “beneficiaries” only in connection with the residuary trust. Although the two churches claim fifty percent of the oil stock in the Alice A. Farr marital trust, it is clear from the language of the will as a whole that this was not the testator’s intention. While the enumeration of the residual beneficiaries provides that the churches shall have fifty percent of the total number of General American Oil shares owned at Farr’s death, this language must be read in context. The churches can not benefit from those assets which had previously been placed in the Alice A. Farr marital trust.
The majority errs in relying on the drafter’s careless use of words in delineating the number of shares to be given to the churches. The language of the will as a whole establishes that the word “total” refers to the number of shares in the Warren D. Farr residuary trust rather than the number of shares in the estate as a whole. The shares to go to the churches do not include those shares previously incorporated in the Alice A. Farr trust. The trial court and the court of appeal correctly interpreted the will. As the court of appeal stated:
“If only the ‘special’ dispositions were considered, it might be arguable that the testator intended each church to have 50% of all General American Oil shares at his death. Considering however, the language of the will in its entirety and, including particularly the disposition to the marital trust of one-half of ‘all my property’, it appears to us that Mr. Farr intended that all of his property, of whatever nature, whether community or separate, was to be included within that disposition. Moreover, the testator used the language ‘no person may divert any part of this to any other person than my wife.’ It is clear that Mr. Farr’s wife was to come first in his testament; all other dispositions were subject to her favored treatment, as indicated. To hold otherwise would be to completely ignore the language of the disposition to the marital trust, as well as the language of the will in its entirety, which clearly reflects the intent of the testator that his wife share in all property.” 421 So.2d at 946.
I respectfully dissent.